IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ANTONIO ANTHONY WALTON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 3:22-cv-00490 ) |
| OFFICER MADISON CAMBELL, et al., | ) JUDGE RICHARDSON ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff Antonio Walton, an inmate of the Riverbend Maximum Security Institution (RMSI) in Nashville, Tennessee, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), an application for leave to proceed in forma pauperis (IFP) (Doc. No. 2), and a motion for appointment of counsel (Doc. No. 4).

The case is before the Court for ruling on the IFP application and motion for counsel, and for initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I. APPLICATION TO PROCEED IFP

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, that application (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350 civil filing fee. The warden of the facility in which Plaintiff is currently housed, as custodian of Plaintiff's trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the

greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility where Plaintiff is housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II. INITIAL REVIEW

The Court must conduct an initial review and dismiss the Complaint if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1). To determine whether the Complaint states a plausible claim, the Court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a viable Section 1983 claim, Plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

A preliminary examination reveals that the Complaint as currently constituted cannot properly be screened under the above standards, because it "runs afoul of the [Federal Rules of Civil Procedure] governing the joinder of claims and parties in a single lawsuit." *King v. Chambers*, No. 3:20-cv-00379, 2020 WL 2404672, at *2 (M.D. Tenn. May 12, 2020). The Federal Rules permit the joinder of all claims against a single opposing party, and they permit the joinder of all defendants alleged to be liable for "the same transaction, occurrence, or series of transactions or occurrences" where "any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 18(a) and 20(a)(2). But they do not permit the conglomeration of "unrelated claims and defendants in one lawsuit." *Proctor v. Applegate*, 661 F. Supp. 2d 743, 780 (E.D. Mich. 2009) (citation and internal quotation marks omitted); *see also Tolbert v. Tennessee*, No. 2:17-cv-2137-STA-egb, 2017 WL 4324541, at *2 (W.D. Tenn. Sept. 28, 2017) (quoting *Harris v. Gerth*, No. 08-CV-12374, 2009 WL 368011, at *1 (E.D. Mich. Feb. 11, 2009) (collecting circuit court cases and explaining that the "impulse . . . toward entertaining the broadest scope of action . . . does not provide a plaintiff a free license to join multiple defendants into a single lawsuit where the claims against the defendants are unrelated").

Plaintiff sues 12 correctional officers at RMSI in addition to the coordinator of inmate jobs, seeking damages against Defendant Pearson for arranging his transfer to a worse housing unit on March 29, 2022, and for unlawful restraint on April 27; against Defendants Cambell, Stewart, Rollins, Taylor, and White for (1) taking him to a new cell without his clothing or personal property and using excessive force on him on April 27 and (2) taking a white inmate to the medical unit after that inmate was tased on April 26, despite having refused to take Plaintiff to medical after tasing him earlier that month; against Defendants Robertson and Groesbeck for depriving him of food for several days and a mat to sleep on for fifteen days, as well as the ability to go to his chronic care appointment and another medical evaluation in March–April; against Defendants Herous and Fish for refusing to take supervisory action in response to the misconduct of their subordinates; against Defendant Moyer for ordering Plaintiff's personal property to be taken, turning his phone off, depriving him of recreation, hygiene items, and a haircut, and—along with Defendant Hayes—discriminating against him in terms of housing and job assignments.

This scattershot style of pleading is typically rejected by courts due to misjoinder of claims and parties. *See Tolbert*, 2017 WL 4324541, at *3; *Staples v. Stone*, No. 16-cv-12367, 2017 WL 76891, at *3 (E.D. Mich. Jan. 9, 2017) (quoting *Proctor*, 661 F. Supp. 2d at 778) (explaining that, under the Federal Rules, a Plaintiff must assert "at least one claim to relief against each [defendant] that arises out of the same transaction or occurrence and presents questions of law or fact common to all"). Put simply, "[u]nrelated claims against different defendants belong in different suits." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Entertaining the Complaint in its present form would flout the federal joinder rules and impermissibly complicate the litigation of this case.

4

## III. FURTHER ACTION

Accordingly, Plaintiff **MUST** file an amended complaint within **30 DAYS** of the date of this Order, in which he does not join unrelated claims against unrelated parties. In other words, Plaintiff can assert all the claims he has against a single defendant, regardless of whether the claims arise from the same incident or incidents; or, he can assert the claims he has against multiple defendants that all arise from the same incident or series of related incidents, but no other claims unrelated to such incident(s). *See King*, 2020 WL 2404672, at *3. As to the claims of the current Complaint that fall outside the scope of this required amendment, Plaintiff may still pursue them but must file separate lawsuits to do so. *Id.*

The Clerk is **DIRECTED** to mail Plaintiff a blank Section 1983 complaint form, which he should use in drafting his amended complaint. Plaintiff **MUST** include the docket number for this case—No. 3:22-cv-00490—on his amended complaint.

Plaintiff is warned that failure to comply with this Order within the time provided, or to timely request additional time to do so, may result in action by the Court, including potential dropping of parties, severing of claims, or dismissal of this action for failure to prosecute and failure to comply with the Court's order. Plaintiff is also warned that he must keep the Clerk's Office informed of his current address at all times.

With the case in this posture, Plaintiff's motion for appointment of counsel (Doc. No. 4) is **DENIED WITHOUT PREJUDICE** to renewal if warranted by future circumstances, after the case progresses beyond the pleading stage.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE